UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RONALD D. FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:09-CV-283 PS |
| | ) |
| PATRICK KOLB, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Ronald D. Fields, a *pro se* plaintiff, filed a complaint pursuant to 42 U.S.C. § 1983 and a petition to proceed *in forma pauperis*. Fields' first complaint was vague and failed to state a claim, and so I struck the document and gave him an opportunity to file an amended complaint that corrected the deficiencies noted. (DE 1, 3.) His second complaint suffered from similar deficiencies and was also stricken with leave to replead. (DE 6, 8.) Presently before me is Fields' third attempt to file a proper complaint. (DE 9.)

In assessing whether a plaintiff may proceed *in forma pauperis*, I must look to the sufficiency of a complaint to determine whether it fails to state a claim or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). I apply the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). For a complaint to survive a motion to dismiss under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949 (2009). In assessing whether the complaint states a claim, I must also bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Fields appears to be complaining about events that occurred while he was a pretrial detainee at the Grant County Jail; however, he is no longer incarcerated. He names seven individuals from the Grant County Sheriff's Department as defendants. Despite being told on two separate occasions that he must provide a factual basis for his claim against each defendant, Fields again asserts only generally that defendants Daryl Himelick, Nicholas Pury, Scott Haley, and Ed Beat violated his "due process" rights without providing any factual content to support his claims. He fails to state a plausible claim for relief against these defendants.

In a one-page document attached to the complaint, Fields provides some factual detail underlying his claims against defendants Patrick Kolb, Bradley Moore, and Deputy Barcomb. He appears to claim excessive force in violation of the Fourteenth Amendment based on an alleged incident that occurred when the deputies were trying to break up a fight between Fields and another detainee. (DE 9-2.) Even assuming Fields' allegations state a claim, it is apparent from the complaint that the claims are time-barred, since they were not raised within two years. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims brought by Indiana plaintiffs). Fields attests that the incident at the jail occurred on August 16, 2007, and this action was brought on October 14, 2009. (DE 9-2, DE 1.) The claims

arising from this incident are therefore untimely.

Fields also appears to claim that Kolb violated his Fourth Amendment rights on August 23, 2007, because he was charged with battery as a result of the incident at the jail and was not "arraigned on time." (DE 9-2.) It is not clear how Kolb, a Sheriff's deputy, would be responsible for an untimely arraignment, but again, even assuming Fields' allegations state a claim, it is clear from the complaint that the claim is time-barred because the underlying events occurred more than two years prior to the filing of this action.

For the foregoing reasons, the petition for leave to proceed *in forma pauperis* is **DENIED** and this case is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii.)

**SO ORDERED.**

ENTERED: January 15, 2010.

                                                                         s/ Philip P. Simon
                                                                          PHILIP P. SIMON, JUDGE
                                                                          UNITED STATES DISTRICT COURT